**Joseph A. Miller, Administrator, Appellant, v. Nora Webb, Appellee.**

VERDICT—*when not disturbed.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly so.

Assumpsit. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 24, 1908.

WALTER EDEN and EDEN & MARTIN, for appellant.

R. M. PEADRO and F. M. HARBAUGH, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellant as administrator of the estate of Salathiel Miller, deceased, brought suit in the Circuit Court of Moultrie county against appellee upon two promissory notes made by appellee to deceased. Appellee filed two pleas, upon which issue was joined, which pleas set up in substance that said notes had been fully settled, paid and adjusted. There was a verdict returned in favor of appellee upon which judgment was rendered and this appeal followed.

While there is a conflict upon some of the facts involved, we think a careful consideration of the whole evidence fully establishes the following condition of

things: Sometime prior to October, 1893, appellee bought a farm in Shelby county, Illinois, at $6,400 from J. T. Herrick, paid thereon $1,400 in cash and gave five notes for the sum of $1,000 each at 6% interest, due respectively in one, two, three, four and five years, which were secured by a mortgage given back upon said farm. Default was made in payment and suit begun to foreclose said mortgage at the October term, 1893, of the Circuit Court of Shelby county. While said suit to foreclose was pending, an arrangement was made between appellee and Salathiel Miller by the terms of which said Salathiel Miller paid off the amount of said mortgage indebtedness, then unpaid, and costs of suit, and appellee, with his wife, made a deed for said premises to said Salathiel Miller, and received thereupon a bond for a deed by force of which deceased agreed to reconvey said premises to appellee upon payment by appellee of the amount represented by notes described in the bond, two of which notes are the notes sued upon in this case.

While matters rested in this condition and in 1903 said Salathiel Miller sold the farm to Albert Meitzner for the sum of $8,000, and received payment therefor.

Appellee contended and we think the jury were not unwarranted in finding that at sometime during the dealing between Salathiel Miller and appellee, the bond for a deed made by said Miller to appellee was surrendered and given up by the latter to the former. There seems to be no question that at the time Meitzner bought the farm and for four or five years prior thereto appellee was living upon said premises as tenant of Miller and was paying him rent therefor, which tenancy seems strongly corroborative of the theory that the bond was either surrendered and given up by appellee to Miller, or by the parties treated as inoperative.

The evidence also showed that when appellee purchased the farm it was without improvements and that

appellee, besides breaking and fencing the land, expended nearly $1,000 in other improvements. It also appeared in evidence that Salathiel Miller said to one of his neighbors, in speaking of his business dealings with appellee, that "Webb and he had settled, that he had a deed" and to two or three others of his neighbors he said, while negotiations were pending for the sale of said farm, that he had agreed to give appellee $1,000 for his improvements when he sold the place and got the last payment thereon. Upon this showing it is difficult to conceive how the jury could have returned any verdict other than the one they did.

To allow a recovery upon the notes sued on would be to permit the retaining by Salathiel Miller, or by his estate, of the entire proceeds of the sale of the farm involved, and to further permit the administrator of the estate to recover upon notes which stood for or represented the value or proceeds of the same land.

The record is free from any prejudicial error and the judgment is affirmed.

*Affirmed.*

VERDICT—*when not disturbed.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly so.

